UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Andrew Taylor, Jr., | ) C/A No. 9:10-00848-CMC-BM |
|---|---|
| Petitioner, | ) |
| vs. | ) |
| State of South Carolina, | ) Report and Recommendation |
| Respondent. | ) |

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA),Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents; *Estelle v. Gamble*, 429 U.S. 97 (1976); holding them to a less stringent standard than those drafted by attorneys to allow for the development of a potentially meritorious case. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even when considered under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

Background

On April 6, 2010, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry No 1). The petition challenges a June 28, 1997, conviction for assault of a high and aggravated nature and discharging a firearm into a dwelling, for which Plaintiff received a sentence of fifteen (15) years of incarceration.[1] The pleading indicates that Petitioner had been released from State custody, prior to filing the instant action, due to "max-out" of his sentence. (Docket Entry No. 1-2, page 2).

As it appeared that Petitioner was no longer incarcerated, Special Interrogatories were drafted to determine whether Petitioner was under any type of supervised release. On May 6, 2010, Petitioner filed his Answers to the Court's Special Interrogatories. (Docket Entry No. 14). Petitioner stated that he was no longer incarcerated and was not currently on probation, parole, or under any type of supervised release. On May 7, 2010, Petitioner filed an amended habeas petition with the Court. (Docket Entry No. 13).

## Discussion

It is well settled that an individual must be "in custody" in order to be eligible for federal habeas corpus relief. *See* 28 U.S.C. § 2254(a); *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986); *Pringle v. Court of Common Pleas*, 744 F.2d 297, 300 (3rd Cir. 1984), citing *Carafas v. La Vallee*, 391 U.S. 234 (1968). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. *Carafas v. Vallee*, 391 U.S. at 238. Moreover, a person who files a habeas petition after he has fully served his sentence is not "in custody" for purposes of a federal district court's subject matter jurisdiction, and a habeas petition filed by such a person is properly denied. *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir.1990). *See also Lefkowitz v.*

---

[1] This is the second time Petitioner has filed a petition for a writ of habeas corpus, challenging this 1997 conviction. *See Andrew Taylor, Jr. v. South Carolina Department of Corrections*, C/A No. 0:01-2458-CMC (D.S.C. Jan. 8, 2002)(dismissed without prejudice for failure to exhaust state remedies).

2

*Fair*, 816 F.2d 17, 20 (1st Cir. 1987)(habeas petition filed after individual unconditional release from prison properly denied by district court).

While probationary sentences can satisfy the "in custody" requirement of § 2254(a), *Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir. 1984), the Petitioner in the instant action clearly states that he is not serving any type of probationary sentence. Hence, as Petitioner is not incarcerated or under any type of supervised release, he is not "in custody" for habeas purposes. Therefore, this Court lacks jurisdiction over Petitioner's habeas action and the petition is subject to dismissal.

### Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

May 18, 2010
Charleston, South Carolina

3

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

